J-A12021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ERIC D. HANCOCK, :
:
Appellant : No. 851 WDA 2018

Appeal from the Judgment of Sentence March 21, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012895-2007

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 09, 2019**

Appellant, Eric D. Hancock, appeals from the March 21, 2018 Judgment of Sentence of 40 years to life imprisonment imposed upon resentencing after the grant of post-conviction relief based on ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016).  Appellant challenges the legality of his sentence, contending that the trial court failed to impose an individualized sentence with consideration of relevant factors.  After careful review, we affirm.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, in 2007, when Appellant was 16 years old, he robbed the A&E Deli in Carrick Borough and shot the store clerk in the chest, killing him.   A jury found him guilty of Second-Degree Murder, Robbery,

Possession of a Firearm by a Minor, and Carrying a Firearm Without a License.[1]

On July 3, 2008, the trial court sentenced Appellant, in relevant part, to life imprisonment without parole ("LWOP") on the Second-Degree Murder conviction. This Court affirmed the Judgment of Sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Hancock****,* 984 A.2d 1013 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 996 A.2d 491 (Pa. 2010).

On March 22, 2016, Appellant filed a Petition pursuant to the Post Conviction Relief Act ("PCRA") asserting that his LWOP sentence was unconstitutional under ***Miller, supra*** and ***Montgomery, supra***.[2] The PCRA court granted relief, vacated Appellant's sentence, and scheduled the case for resentencing.

At the resentencing hearing, the court heard expert testimony from psychologist Samuel K. Schachner, Ph.D., victim impact testimony, and Appellant's allocution. After reviewing Dr. Schachner's report, the sentencing court acknowledged, "that [Appellant], as he stands here, is a different man than he was when he was sentenced, and perhaps a different man [than] he was when he committed the crime." N.T. Resentencing, 3/21/18, at 23.

---

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), 6110.1, and 6106(a)(1), respectively.

[2] In ***Miller***, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic LWOP upon a homicide defendant for a murder committed while the defendant was under eighteen years old. ***Miller***, 567 U.S. at 479. In ***Montgomery***, the U.S. Supreme Court held that its decision in ***Miller, supra****,* applies retroactively. ***Montgomery***, 136 S.Ct. at 732.

Nevertheless, the court stated that it must also consider the severity of the crime and the victim impact statement, and ultimately concluded that the sentence of 40 years to life was required for the protection of the public. Appellant filed a Post-Sentence Motion, which the trial court denied.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the [s]entencing [c]ourt err by not articulating, on the record, how it considered each of the individualized factors set forth in 18 Pa.C.S. § 1102.1?[3]

2. Did the [s]entencing [c]ourt demonstrate an intolerable hostility to controlling case law in the area of juvenile-lifer resentencing, whereby there can [be] no confidence that the resulting 40-to-life sentence is the product of an impartial judgment?

Appellant's Br. at 4.

In his first issue, Appellant avers that the trial court failed to impose an individualized sentence with proper consideration and articulation of the factors discussed in *Miller*, *supra*, and *Batts II*, *supra*. Appellant's Br. at 27. This presents a challenge to the legality of his sentence. ***Commonwealth v. Lekka***, ____ A.3d ____, 2019 WL 2064541, at *8 (Pa. Super. filed May 10, 2019).

_____

[3] Appellant concedes that Section 1102.1(d) does not apply to his sentence. Appellant's Br. at 24 and n.81. His brief focuses on the application of the sentencing factors set forth in *Miller* and ***Commonwealth v. Batts***, 163 A.3d 410, 458 (Pa. 2017) (***Batts II***), which we address below.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." **Id.** (citation omitted). "Where a sentence is found to be illegal, it must be vacated." **Id.** (citation omitted).

In **Batts II**, the Pennsylvania Supreme Court recognized that, pursuant to **Miller**, sentences for juveniles must be individualized, which requires courts to consider various factors when imposing a LWOP sentence on a juvenile offender. **Batts II**, **supra** at 431. These factors include immaturity, impetuosity, and failure to appreciate risks and consequences ("**Miller** factors"). **Id.** (citing **Miller, supra** at 474-78).

However, this Court has held that a sentencing court must consider the **Miller** factors **only** in cases where the Commonwealth is pursuing an LWOP sentence. **Commonwealth v. White**, 193 A.3d 977, 983 (Pa. Super. 2018). "In cases where the Commonwealth does not seek a [LWOP] sentence, the application of the **Miller** factors is not required." **Lekka, supra** at *9 (citation omitted).[4]

---

[4] In sentencing a juvenile to life with the possibility of parole, **Batts II** concluded that a court should apply the "traditional sentencing considerations" of Section 9721(b), such as the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant, and be guided by the factors set forth in Section 1102.1[4], including age, mental capacity, and maturity. **See Batts II, supra** at 457-58, 460; **Lekka, supra**, at *9. As described in its 1925(a) Opinion and supported by the record, the sentencing court in this case properly considered the protection of the public, the gravity of the offense as it related to the impact on the victim and the community, and the rehabilitative needs of Appellant in resentencing him to 40 years' to life imprisonment. Trial Ct. Op., filed 8/30/18, at 9.

Here, the Commonwealth did not seek an LWOP sentence at Appellant's resentencing hearing. Instead, it requested that the court resentence Appellant to 36 years' to life imprisonment. Accordingly, there was no error by the sentencing court in failing to consider the *Miller* factors.

In his second issue, Appellant asserts that, upon resentencing, the judge demonstrated partiality when he expressed his opinion that he was "less than comfortable to consider the person that [Appellant] is today." Appellant's Brief at 28 (citation to Notes of Testimony omitted). He avers that the sentencing judge expressed his bias by stating his disagreement with the holdings in *Miller* and *Batts II* that require, upon resentencing, that the court consider the former juvenile's current level of maturity as one factor in fashioning the new sentence. *Id.* at 28-31.

A defendant is entitled to sentencing by a judge who is fair and unbiased. *Commonwealth v. Williams*, 69 A.3d 735, 744 (Pa. Super. 2013). "This means, a jurist who assesses the case in an impartial manner, free of personal bias or interest in the outcome." *Id.* (citation and quotation omitted). "There is no need to find actual prejudice, but rather, the appearance of prejudice is sufficient to warrant the grant of new proceedings." *Id.* (citation and quotation omitted).

A sentencing court demonstrates the appearance of bias where it assails a prior judge's adjudications as "mistakes" for being too lenient; misuses pseudo-medical terminology by describing a defendant as a "classic sociopath" and "pathological liar" with no support from the record; improperly considers

a defendant's gender; excessively focuses on a defendant's victimization of the Catholic Church; or repeatedly calls a defendant an animal. ***Id.*** at 749; ***Commonwealth v. Spencer***, 496 A.2d 1156, 1165 (Pa. Super. 1985).

Here, the sentencing court's actions did not demonstrate the appearance of impartiality or bias. Although the court shared its opinion of, and disagreement with, precedential case law requiring consideration of Appellant's current maturation as a factor in fashioning a new sentence, the court ultimately recognized that it must consider both the crime Appellant committed and the person he is today. N.T., Resentencing, 3/21/18, at 15-16, 22-23. Accordingly, we see no manifest abuse of discretion in the court's imposing a new sentence of 40 years to life for Appellant's conviction of Second-Degree Murder.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2019